United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THOMAS MARK DEAL,

Plaintiff,

v.

PATRICIA FUNKE/DEAL,

Defendant.
_______________________________/

No. C 12-4440 PJH

**ORDER DENYING MOTION FOR STAY AND DISMISSING COMPLAINT**

Plaintiff Thomas Mark Deal's ("plaintiff") complaint and motion for stay of state court proceedings was filed in this court on August 23, 2012. Having read plaintiff's papers and carefully considered his arguments and the relevant legal authority, the court hereby rules as follows.

As to plaintiff's motion for a stay of all state court proceedings, the court notes that the Anti-Injunction Act constrains the ability of federal courts to stay state court actions. See 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."). The Act "is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of [the] three specifically defined exceptions." Atlantic Coast Line Railroad Company v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 286 (1970). The three exceptions are narrowly construed, and "doubts as to the propriety of a federal injunction against a state court proceeding should be resolved in favor of permitting the state action to proceed." Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987).

The underlying state court proceeding here consists of action in which plaintiff was

United States District Court
For the Northern District of California

ordered to pay child support, then convicted for failure to pay child support. Accordingly, none of the three exceptions would apply. Staying state court proceedings in a child support case is not expressly authorized by Congress, is not necessary to aid the state court's jurisdiction, nor would a stay protect or effectuate this court's judgments.

In addition, the court finds that the complaint, as currently pleaded, fails to provide a basis for federal subject matter jurisdiction.[1] Plaintiff seeks relief that has already been denied by a state court. Federal courts are not empowered to review errors allegedly committed by state courts. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); D.C. Ct. App. v. Feldman, 460 U.S. 462, 482 (1983). Further, federal courts are required to abstain from hearing a case if there is an ongoing state proceeding. See Younger v. Harris, 401 U.S. 37, 40 (1971). While plaintiff makes brief reference to section 1983, he does not identify the specific constitutional right that was violated nor the specific acts that caused the alleged violation(s), nor does he allege that the constitutional violation was caused by a state actor, as it appears that the defendant is his wife or ex-wife. Thus, it is not clear from the complaint that the court has subject matter jurisdiction. Accordingly, the court DISMISSES the complaint.

Although the court is of the opinion that repleading will not solve the deficiencies in the complaint, the court will allow plaintiff an opportunity to file an amended complaint. For that amended complaint to be successful, plaintiff must plead the status of any state court proceedings, so that the court can determine whether absention or claim preclusion is proper. The amended complaint shall set forth each cause of action in separate numbered paragraphs citing the authority under which the cause of action is brought and the facts supporting it, and identifying whether the only defendant named is a state actor.

Plaintiff must also specifically establish that this court has subject matter jurisdiction to hear this case. Federal courts can only adjudicate cases which the Constitution or

---

[1] Federal courts are empowered to assess subject matter jurisdiction, sua sponte, at any time. Snell v. Cleveland, 316 F.3d 822, 826 (9th Cir. 2002).

United States District Court
For the Northern District of California

Congress authorize them to adjudicate: those cases involving diversity of citizenship (where the parties are from diverse states and the amount in controversy is at least $75,000), or a federal question, or those cases to which the United States is a party. See, e.g., Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375 (1994). Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction. Id. at 377. If the amended complaint still fails to properly establish subject matter jurisdiction, the court has the power to dismiss the complaint sua sponte. See Fed. R. Civ. P. 12(h)(3). Any amended complaint must be filed no later than **September 21, 2012**.

If plaintiff fails to file an amended complaint by September 21, 2012, or if he files an amended complaint not in accordance with the above instructions, the case will be dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: August 31, 2012

PHYLLIS J. HAMILTON
United States District Judge