UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THOMAS MARK DEAL,

    Plaintiff,

    v.

PATRICIA FUNKE/DEAL, et al.,

    Defendants.

_____/

No. C 12-4440 PJH

**ORDER GRANTING MOTIONS TO DISMISS AND DENYING MOTIONS FOR LEAVE TO AMEND**

    Before the court are three motions to dismiss plaintiff's first amended complaint, filed by each of the three defendants in this case. Also before the court are two motions, filed by plaintiff, seeking leave to file a second amended complaint. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby rules as follows.

    Federal district courts, as courts of original jurisdiction, do not have subject matter jurisdiction to review errors allegedly committed by state courts. Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923) ("The jurisdiction possessed by the District Courts is strictly original."); D.C. Ct. App. v. Feldman, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings."). Instead, the proper court to obtain review of a final state court decision is the United States Supreme Court. See 28 U.S.C. § 1257; Rooker, 263 U.S. at 416; Feldman, 460 U.S. at 476. The Rooker–Feldman doctrine applies even when the state court judgment is not made by the highest state court, Dubinka v. Judges of the Super. Ct., 23 F.3d 218, 221 (9th Cir.1994); Worldwide Church of God v. McNair, 805 F.2d 888, 893 n. 3 (9th Cir.1986); and when a plaintiff's challenge to the state court's actions involves federal constitutional

issues. Feldman, 460 U.S. at 483–84.

Under the Rooker–Feldman doctrine, a federal district court's jurisdiction to hear a particular constitutional challenge depends on whether the constitutional claim is "inextricably intertwined" with the state court's ruling in a state court action. Dubinka, 23 F.3d at 221 (quoting Feldman, 460 U.S. at 483–84 n. 16).  If the constitutional claim presented to a district court is inextricably intertwined with the state court's decision, then the district court essentially is being called upon to review the state court decision. Id. The district court lacks subject matter jurisdiction if the relief requested requires "'a mere revision of the errors and irregularities, or of the legality and correctness' of the state court judgment, not the 'investigation of a new case arising upon new facts.'" MacKay v. Pfeil, 827 F.2d 540, 545 (9th Cir.1987).

In this case, plaintiff seeks review of a number of family court decisions that he feels were made in error.  As defendants point out, plaintiff has tried to challenge these decisions using proper state court procedures, but his efforts have not been successful.  Plaintiff has made so many of these attempts that he was declared a "vexatious litigant" on July 29, 2005.  See Dkt. 11, Ex. A.  Plaintiff concedes that he now tries his hand in federal court because of the restrictions placed on him by the "vexatious litigant" designation.  See Dkt. 39 at 2-3 ("[A]s a vexatious litigant, I am not allowed to file an appeal, but must obtain permission from the Appellate Court, and having sought this permission with the facts partially set forth in this action, was denied a hearing.").  Plaintiff cannot bring his grievance to federal court simply because he is unsatisfied with the outcome of his state court proceedings.  Indeed, that is the very conduct that the Rooker-Feldman doctrine seeks to prevent.  Accordingly, defendants' motions to dismiss are GRANTED.  The court further finds that any claims against Commissioner Hendrickson are barred by the doctrine of judicial immunity, and also barred by the Eleventh Amendment.  See, e.g., Mireles v. Waco, 502 U.S. 9 (1991); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984).  Defendants present additional alternative reasons for dismissal, but the court finds it unnecessary to address them here.

Plaintiff has also filed two motions for leave to file a second amended complaint. The proposed amended complaints suffer from the same defects as does the operative complaint; namely, the claims contained within are barred by the Rooker-Feldman doctrine. To the extent that plaintiff adds unrelated, and most probably misjoined, allegations of fraud against defendant Patricia Funke/Deal, plaintiff has not articulated any basis for federal subject matter jurisdiction, and instead appears to be trying to find a way around the Rooker-Feldman doctrine. Thus, the court finds that plaintiff's amended complaints still have not established that this court has jurisdiction over his claims, and plaintiff's motions are DENIED. Accordingly, the dismissal of plaintiff's first amended complaint shall be with prejudice.

Plaintiff has also filed a motion to strike, seeking to strike portions of Patricia Funke Deal's opposition to plaintiff's motion for leave to file an amended complaint. Because the court did not rely on Ms. Funke/Deal's brief in reaching its decision, plaintiff's motion is DENIED as moot.

The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: February 1, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge